# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CELLA EUELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:06-CV-1154 CAS |
| v. ) | |
| ) | |
| JOHN E. POTTER, Postmaster General, ) | |
| United States Postal Service, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff, a former employee of the United States Postal Service, brings this suit pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") alleging discrimination based on gender, age, disability, and for retaliation. The matter is before the Court on defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim, or in the alternative, for summary judgment. In its motion, defendant argues the Court should dismiss the case because plaintiff's claims were untimely filed. Defendant's motion can be decided on the pleadings, and for the foregoing reasons, the Court grants defendant's motion to dismiss.

### *I. Background*

Plaintiff Cella Euell, who is proceeding pro se, was at all relevant times employed by the United States Postal Service as an Accounting Technician at the agency's Accounting Service Center in St. Louis, Missouri. On March 21, 2003, plaintiff filed a formal EEO complaint with the agency alleging sexual harassment and retaliation. Plaintiff's EEO complaint was subsequently referred an EEO Administrative Judge ("AJ"), who concluded plaintiff failed to establish a prima facie case of sexual harassment or retaliation. The agency's final order implemented the AJ's decision.

Plaintiff appealed the agency's adoption of the AJ's decision, and she timely initiated an appeal with the Equal Employment Opportunity Commission's Office of Federal Operations ("OFO"). On April 25, 2006 , the OFO rendered a decision and affirmed the agency's final order. The OFO found plaintiff had not alleged conduct rising to the level of unlawful discrimination or retaliation. In its decision, the OFO notified plaintiff that: "You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision." See OFO April 25, 2006 Decision, attached to plaintiff's complaint as an exhibit.

Plaintiff filed suit with the District Court on August 1, 2006. In her complaint, plaintiff alleges the Postal Service failed to promote her due to her age and disability. She further alleges she took early retirement because the Postal Service created a hostile work environment after she filed an EEO complaint for sexual harassment, race discrimination, and sex discrimination. She claims that in December 2002 she was denied a promotion after filing another EEO complaint. Lastly, she alleges that in July 2003 she injured her knee while at work, and the Postal Service "fought against" her receiving workers' compensation for the injury. See Plaintiff's complaint at 3.

In its motion to dismiss, or in the alternative, for summary judgment, defendant argues the action should be dismissed because plaintiff did not meet the statutory 90-day filing deadline. In her response to the motion, plaintiff claims there are several explanations for her delay in filing her complaint. According to plaintiff, in May 2006 she became ill, and on June 2, 2006, she underwent a medical procedure that required anesthesia and additional care. Plaintiff further states that on or about July 16, 2006, she spoke to a clerk at the District Court who told her he would send her forms to complete. According to plaintiff, however, on or about July 18, 2006, her electrical service was

interrupted due to a region-wide outage, and she was forced to evacuate her residence for eight days. Upon returning to her home, she received the forms from the clerk's office. Plaintiff further states that on July 27, 2006, she went to the hospital emergency room with chest pains and was hospitalized overnight. Nowhere in the pleadings or plaintiff's response does plaintiff state when she actually received the OFO's April 25, 2006 Decision.

*II. Standard*

Defendant's motion to dismiss can be decided based on the pleadings and the documents attached thereto, accordingly, the Court will rule on defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of her claim. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003). This is especially true when, as here, a plaintiff is proceeding pro se. Pro se pleadings are to be liberally construed and are held to less stringent

3

standards than those drafted by an attorney. Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). Nevertheless, pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002). Ordinarily, only the facts alleged in the complaint are considered in ruling on a 12(b)(6) motion, but materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). Applying this standard, the Court finds plaintiff has failed to state a claim upon which relief can be granted.

## *III. Discussion*

To maintain a Title VII claim, as plaintiff has alleged in this case, an aggrieved employee is required to file suit within 90 days after receipt of notice of a final administrative action. 42 U.S.C. § 2000e-16; Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989).[1] Section § 1614.407 of the applicable federal regulations provides:

> A complainant who has filed an individual complaint, an agent who has filed a class complaint or a claimant who has filed a claim for individual relief pursuant to a class complaint is authorized under title VII, the ADEA and the

---

[1] Although she has alleged disability and age discrimination (in addition to gender discrimination and retaliation), plaintiff brings her complaint under Title VII only. Even if the Court were to construe her allegations as claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §§ 621, et seq., and/or the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, et seq., both of these statutes require exhaustion of administrative remedies and suit must be filed within 90 days of receiving notice of final agency action. 29 C.F.R. § 1614.407; Hallgren v. U.S. Dep't of Energy, 331 F.3d 588, 589 (8th Cir. 2003); Ballard v. Rubin, 284 F.3d 957, 964 n. 6 (8th Cir.2002). Therefore, the same analysis would apply.

Rehabilitation Act to file a civil action in an appropriate United States District Court:

> (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;
>
> (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and a final action has not been taken;
>
> **(c) Within 90 days of receipt of the Commission's final decision on an appeal; or**
>
> (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

29 C.F.R. § 1614.407 (emphasis added). "Courts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day." Wiley v. Johnson, 436 F. Supp.2d 91, 96 (D.D.C. 2006) (citing Smith v. Dalton, 971 F. Supp. 1, 2-3 (D.D.C. 1997)).

In this case, the OFO issued its final decision on April 25, 2006. The decision explicitly provided: "You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision." There is no evidence in the pleadings or plaintiff's response (or for that matter in the exhibits attached to defendant's motion for summary judgment) as to when plaintiff actually received the OFO's April 25, 2006 decision. The Certificate of Mailing attached to the OFO's decision, however, states: "For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed." See OFO April 25, 2006 Decision, attached to plaintiff's complaint as an exhibit. An employee of the EEOC certified the final decision was mailed on April 25, 2006.

Assuming plaintiff received the OFO's decision within five days (as defendant has in its motion to dismiss), plaintiff would have received the final decision by Sunday, April 30, 2006.[2] Because the date fell on a weekend, the Court will give plaintiff the benefit of the doubt and presume she received the decision by Monday, May 1, 2006. According to the Court's calculations, the 90-day deadline expired on Sunday, July 30, 2006. Again, because this date fell on a weekend when the courts were closed, plaintiff had until Monday, July 31, 2006, to file a complaint. It is undisputed plaintiff filed her complaint on August 1, 2006 – one day late. Because plaintiff did not file suit in this Court until more than 90 days after receipt of the April 25, 2006 decision, her claim is untimely. Hallgren v. U.S. Dept. of Energy, 331 F.3d 588, 589-90 (8th Cir. 2003) (affirming dismissal of complaint that was mailed to court one day before filing deadline but was docketed and filed 94 days after the plaintiff had received final decision from the EEOC); cf. Miller v. Lincoln County, 171 F.3d 595, 595 (8th Cir. 1999) (affirming dismissal of pro se complaint filed one day late).

Although the 90-day deadline is not a jurisdictional requirement, it is akin to a statute of limitations and subject to the defense of equitable tolling. Irwin v. Department of Veteran Affairs, 498

---

[2] When the date of receipt is unknown, the Supreme Court and courts in this Circuit have employed a three-day mailing rule based on Rule 6(e) of the Federal Rules of Civil Procedure. See, e.g., Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 n. 1 (1984); Battle v. Federal Express Corp., 156 F. App'x 877, 878 (8th Cir. 2005); Waugh v. Potter, 2006 WL 2990499, at *1 n.1 (E.D.Mo. Oct. 19, 2006); Tillman v. Hussman Corp., 2006 WL 2077574, at *1 (E.D. Mo. July 26, 2006); Rich v. Bob Downes Chrysler Plymouth, Inc., 831 F. Supp. 733, 735 (E.D. Mo. 1993). These cases hold there is a rebuttal presumption that a claimant receives correspondence from an agency three days after it was mailed. Id.; but see, e.g., Barnes v. Riverside Seat Co., 46 F. App'x 384, 385 (8th Cir. 2002) (citing with approval application of five-day presumption); Walton v. U.S. Dept. of Agriculture, 2007 WL 1246845, at *8 (E.D. Mo. Apr. 30, 2007)(same). Applying the three-day rule to the current suit, plaintiff's deadline for filing a complaint with the District Court would have commenced on Friday, April 28, 2006. The Court, however, need not decide whether three days or five days is the appropriate presumption for commencement of the 90-day deadline where there is no evidence of receipt, because under either measure, plaintiff's complaint was untimely filed.

U.S. 89, 95-96 (1990); Hill, 869 F.2d at 1124. Courts have allowed equitable tolling of the 90-day filing deadline under very limited circumstances. In general, equitable tolling applies when circumstances exist that are beyond a plaintiff's control. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990). For instance, the Supreme Court has indicated that equitable tolling might be appropriate when: (1) a claimant has received inadequate notice; (2) a motion for appointment of counsel is pending; (3) the court has led the plaintiff to believe that he or she has done everything required of him or her; or (4) affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. Baldwin, 466 U.S. at 151. See also Shempert v. Harwick Chem. Corp., 151 F.3d 793, 798 (8th Cir. 1998).

Applying the foregoing principles to the instant case, the Court finds it inappropriate to employ equitable tolling to the circumstances here. More specifically, the Court finds plaintiff was not ignorant of her claim during the applicable filing period, and her failure to file a complaint in a timely manner was not beyond her control. Plaintiff knew enough to contact the Clerks's office as of July 16, 2006, almost two weeks before the 90-day deadline had expired. While the Court acknowledges plaintiff faced some challenging circumstances, none of them presented the sort of exceptional circumstances equitable tolling was intended to address. See, e.g., Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1330 (8th Cir. 1995) (equitable tolling "is an exception to the rule, and should therefore be used only in exceptional circumstances"). As plaintiff's complaint was filed beyond the 90-day filing deadline and the doctrine of equitable estoppel does not apply, the Court will grant defendant's motion to dismiss this action as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for failure to state a claim is **GRANTED.** [Doc. 10]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with no further action to take place herein, for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**IT IS FURTHER ORDERED** that this Court's Order of June 7, 2007 is vacated. [Doc. 25] Plaintiff need not provide Defendant with Rule 26(a)(1) disclosures.

An appropriate order of dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this \_\_\_\_12th\_\_\_\_ day of June, 2007.